(No. 39568.—

AMERICAN STEEL & WIRE, DIVISION OF UNITED STATES STEEL CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Peter Domalik, Appellee.)

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

STEVENSON, CONAGHAN, HACKBERT, ROOKS AND PITTS, of Chicago, (DANIEL P. SOCHA and DOUGLAS F. STEVENSON, of counsel,) for appellant.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (JASON GESMER and ALTON SHARPE, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Peter Domalik brought an action against his employer, American Steel and Wire, a Division of United States Steel

Corporation, under the Workmen's Compensation Act to recover benefits for injuries sustained to his left arm in an on-the-job accident. An arbitrator awarded compensation for 55% disability to his left arm and the award was sustained by the Industrial Commission on review. On writ of *certiorari,* the award was further sustained by the circuit court of Lake County. The employer has appealed to this court, contending that the Industrial Commission erred when it failed to set off against the award a pre-existing disability of 40% of the left arm.

The facts are undisputed. On October 4, 1961, Peter Domalik injured his left arm and elbow while operating a wire-drawing machine at his employer's factory. A doctor's report introduced in evidence revealed that Domalik had suffered a fracture of the left elbow and fractures of the fingers of the left hand. The report further stated that there had been a resulting restriction in motion of the left arm and fingers. Domalik testified that subsequent to the accident he suffered from lack of sensation in three fingers on his left hand, pain in his left elbow and an inability to turn his left wrist over.

About nineteen years prior to the injury in this case, Domalik had suffered an injury to his left elbow while in the employ of another employer. He was hospitalized and surgery· was performed resulting in the removal of several. bone fragments. Domalik testified that after this injury his left arm was about one inch shorter than his right arm, and that he could not fully straighten the left arm. As a result of the 1942 injury Domalik was awarded compensation for 40% permanent disability to his left arm by the Industrial Commission, but on appeal this court reversed the judgment below, holding that the injury did not arise out of and in the course of his employment. (*Chicago Hardware Foundry Co.* v. *Industrial Com.* 393 Ill. 294.) Consequently, Domalik received no compensation for the 1942 injury.

The sole question in this case is whether the pre-existing

disability caused by the 1942 injury should be deducted from the 1961 55% disability for which Domalik is seeking recovery in this case. The employer argues that it was the intent of the legislature to apportion liability and that to require the employer in this case to pay compensation for the full 55% disability cannot be justified. The employee, on the other hand, argues that the Workmen's Compensation Act does not provide for apportionment in a case involving permanent partial disability without amputation where compensation has not been paid previously and that he should be entitled to compensation for the full 55% disability as awarded by the Industrial Commission and affirmed by the circuit court.

The pertinent statutory provision which governs this case is subsection 8(e)(17) of the Workmen's Compensation Act. That subsection provides that, "In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before that time sustained an injury resulting in a loss by amputation or partial loss by amputation of any member, including hand, arm, thumb or fingers, leg, foot or any toes, such loss or partial loss of any such member or the sight of an eye shall be deducted from any award made for the subsequent injury. For the permanent loss of use or the permanent partial loss of use of any such member for which compensation has been paid, then such loss shall be taken into consideration and deducted from any award for the subsequent injury." Ill. Rev. Stat. 1961, chap. 48, par. 138.8(e).

Subsection 8(e)(17), formerly subsection 8(e)(17½), has previously been construed by this court in *Caterpillar Tractor Co. v. Industrial Com.* 397 Ill. 474. In that case, we noted that the statute clearly distinguishes between loss of use and loss by amputation of a member and also between injuries for which compensation has been paid and those for which no compensation has been paid. In the event there is a loss or partial loss of specified members by amputation,

then such loss shall be deducted from an award made for a subsequent injury. However, in the event of the permanent loss of use or permanent partial loss of use of any such member, *for which compensation has been paid,* then such prior loss shall be deducted from the award for the subsequent injury. It is apparent that the statute provides for deduction only in cases involving loss by amputation (whether or not compensation has been paid) and in cases of permanent loss of use or permanent partial loss of use where compensation has been paid. The statute contains no provision for deduction in cases of permanent loss of use or permanent partial loss of use where no compensation has previously been paid, as in the instant case. To imply a deduction in such cases, as the employer suggests we should, would be to read into the statute that which is not there. Furthermore, such a construction would ignore the existence of the limiting phrase, "for which compensation has been paid", which appears only in the sentence pertaining to permanent loss of use and permanent partial loss of use. As we stated in the *Caterpillar* case, "we conclude that full compensation is awardable for a second injury to a member where the same member or a part thereof was subject to a noncompensable prior injury resulting only in loss of use or partial loss of use, as distinguished from loss by amputation or partial loss by amputation." (397 Ill. at 484.) See also *Harrison Sheet Steel Co.* v. *Industrial Com.* 404 Ill. 557.

We also note that since our 1947 decision in the *Caterpillar* case, the legislature has made no amendment of substance to subsection 8(e)(17). Presumably, if we had not correctly construed the intent of the legislature in the *Caterpillar* decision, the statute would have been amended accordingly.

The employer argues in his brief that the circuit court's decision discriminates against those who have suffered a loss by amputation and creates an unreasonable classification in violation of the equal-protection clauses of the Federal and

State constitutions. While we do not consider the point to be meritorious, we do not deem it necessary to discuss this issue at length since the record does not indicate that it was raised and passed upon below.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*