THOMAS PATRICK MINOGUE, PETITIONER-RESPONDENT, v. LAWRENCE PACKAGING SUPPLY CORP., RESPONDENT-APPELLANT.

Essex County Court
Law Division

Decided July 23, 1970.

*Messrs. Vaccaro* and *Osborne* for respondent-appellant. (*Mr. Theodore E. Maloof,* appearing.)

*Messrs. Balk, Jacobs, Goldberger* and *Mandell* for petitioner-respondent. (*Mr. Jack Mandell,* appearing.)

COLARUSSO, J. C. C. This is an appeal pursuant to R. 4:74–1 by Lawrence Packaging Supply Corp. (Lawrence). Judgment was entered by the Workmen's Compensation Division in favor of petitioner, Thomas Minogue for 100% of his right hand, amounting to $9,200, plus 12½% permanent partial disability, psychiatric in nature, amounting to $2,750.

Lawrence appeals from this judgment, contending that (1) the assessed permanent disability bore no reasonable relationship to petitioner's injury, and (2) the award failed to credit it for prior compensation awarded petitioner for the amputation of the first joint of the index finger on his right hand.

Petitioner, an employee of Lawrence, was injured in the course of his employment on May 17, 1967, when his right hand accidentally slipped off his machine and was caught between two rollers.

The Court then reviewed the evidence and concluded that the petitioner suffered 100% loss of the right hand and 12½% of permanent partial disability.

The issue to be determined by the court is whether credit for the previous compensation paid to the petitioner for the amputation of part of the index finger should be allowed under *N. J. S. A.* 34:15–12(d).

*N. J. S. A.* 34:15–12(d) provides as follows:

If previous loss of function to the body, head, a member or an organ, due to any previous compensable accident or accidents, is established by competent evidence, and subsequently an injury arising out of and in the course of an employment occurs to that part of the body, head, member or organ, where there was a previous loss, then and in such case, the employer or his insurance carrier at the time of the. subsequent injury shall not be liable for any loss for which compensation has previously been paid or awarded. In either event, credit shall be given the employer or his insurance carrier to the extent of the previous loss for which compensation has been paid.

No case in this jurisdiction was found by the court dealing directly with the interpretation of the Statute as to the credit to be given in a situation similar to the present.

Two courts were asked to interpret *N. J. S. A.* 34:15–12 (d) in situations easily distinguishable from the instant case. The case of *Nelson v. Meeker Foundry Co.,* 30 *N. J.* 139 (1959) where a workman lost the thumb and first and second finger of his left hand in 1931 and then lost his fourth, or little finger of the same hand in 1956. The Supreme Court held the workman could recover 100% disability of the hand less the number of weeks of compensation paid to him for the 1931 loss of his digits. This case is clearly distinguished from the situation presented before us in this case. In *Nelson,* the two injuries together caused the loss of the workman's hand. In the instant situation the prior amputation did not, when coupled with the present injury cause the loss of use of the hand. The present injury itself caused the loss of use of the petitioner's right hand.

The Appellate Division in *Caputo v. Kero,* 84 *N. J. Super.* 279 (App. Div. 1964), which case is also distinguishable from the instant fact situation, refused a credit for a prior injury. The court there found that a prior compensable wrist fracture was not creditable to a later injury involving the workman's loss of fingers on the same hand under *N. J. S. A.* 34:15–12(d).

Since no New Jersey authority could be found dealing with the instant factual situation, the court looked for persuasive authority from a neighboring jurisdiction with a similar statute to *N. J. S. A.* 34:15–12(d).

The court found a similar statute in Illinois *Ill. Rev. Stat.*, 1961, c. 48, par. 138.8(e) which in essence, states

In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before sustained an injury resulting in a loss by amputation or partial loss by amputation of any member, including hand, arm, thumb, finger * * * such loss or partial loss of any such member * * * shall be deducted from any award for the subsequent injury. For the permanent loss of use of any such member for which compensation has been paid, then, such loss shall be taken into consideration and deducted from any award for the subsequent injury.

The Illinois Supreme Court in applying this statute in *American Steel and Wire v. Industrial Commission,* 35 *Ill.* 2d 414, 220 N. E. 2d 412 (1966) held:

In the event there is a loss or partial loss of specified members by amputation, then such loss shall be deducted from an award made for a subsequent injury.

This court realizes that the Illinois statute is far from identical to our *N. J. S. A.* 34:15–12(d) but notes that the mode, scheme and intent of the two statutes are the same, that is, to credit a company for a prior amputation or loss of function of a member of the person's body which is later again injured.

■■ Therefore, it is clear to the court that the intent of our Legislature in passing *N. J. S. A.* 34:15–12(d) was to prevent the double recovery to the same member of the body such as, an arm, hand or leg where a previous partial recovery for some injury to some part of said member was previously paid as was done in the case of *Heidel v. Wallace & Tiernan, Inc.,* 37 *N. J. Super.* 522 (Cty. Ct. 1953), approved on opinion below, 21 *N. J.* 335 (1956), decided before passage of *N. J. S. A.* 34:15–12(d).

In applying *N. J. S. A.* 34:15–12(d) to the instant fact pattern, the court finds that this statute requires that a credit be given against the present award for the prior award of 40% of the right first finger which was previously paid to the petitioner.

The judgment entered in the Division of Workmen's Compensation is modified in accordance with this opinion.